## State *v*. Wright.

The court is not authorized to enter of record a verdict of "guilty," against one indicted for keeping the nuisance of a tippling-shop under chapter 73 of the Revised Statutes, when three of the jury, upon their being polled, refuse to concur in such verdict, but answer, "guilty of keeping a bar there."

PETITION FOR NEW TRIAL. Indictment against the petitioner, charging, that at Providence, on the 17th day of March, 1857, and on divers days and times between that day and the day of the finding of the indictment, he kept and maintained a certain common nuisance, to wit, a grogshop, tippling-shop, and building, place, and tenement, used for the illegal sale and keeping of intoxicating liquors.

On the trial of the indictment before Mr. Justice Shearman, at the December term, 1857, of the court of common pleas for the county of Providence, the jury, to whom the cause was committed under the direction of the court, returned the following verdict: " We find that the defendant is guilty of keeping a bar there." The defendant, thereupon, moved that a verdict of " not guilty " be entered; but the court, refusing the motion, and after further instructing the jury in the law applicable to the case, directed them to retire and further consider of their verdict. The jury retired, and again returned into court, stating that they were unable to agree upon a verdict. After further instructions, the jury again retired under the direction of the court, and returned a verdict of " Guilty." The defendant thereupon moved that the jury be polled; and upon being called to answer, nine of them answered " guilty," and three of them

answered " guilty of keeping a bar there." The court thereupon, and notwithstanding the objection of the defendant, ordered a general verdict of " guilty" to be entered up against him ; to set aside which, and obtain a new trial, was the purpose of this motion.

*Ripley* and *Thurston*, for the motion :—

The jury had a right to find a special verdict, setting forth the facts which they found proven; and those facts not being sufficient in point of law to warrant a verdict of guilty, the court erred in not ordering a verdict of not guilty to be entered.

The finding by three of the jury, upon being polled, that the defendant was " guilty of keeping a bar there," brings up the question whether the simple fact of the defendant's keeping a bar will warrant the court in finding a verdict of guilty. The fact, in itself, of keeping a bar, is not even *primâ facie* evidence under our statute; but if *primâ facie*, it will not warrant the court in finding a verdict of guilty, the jury failing so to do. Rev. Stats. ch. 73, § 3; *The State* v. *Duncan*, 2 McCord, 129; *Blake* v. *Davis*, 20 Ohio, 281.

It is not sufficient for the jury to find the *evidence* of the facts, but they must find the *facts* themselves. 1 Chit. Cr. Law, 643.

All the circumstances constituting the offence, must be expressly found by the jury, in order to enable the court to give judgment, and nothing can be supplied by intendment or implication. 1 Chit. Cr. Law, 525, 644 ; 21 Pick. 509; *Commonwealth* v. *Call*, 23 Ib. 402; *State* v. *Shule*, 10 Ired. 153; Thatcher's Cr. Cases, 510 ; 2 Strange, 1015; Wharton's Cr. Law, 975; Com. Rep. 480; 2 East, P. C. 708, 784; 4 Burr. 2073.

*J. B. Kimball*, attorney-general :—

1st. When the intention of the jury is manifest from the terms of the special verdict, the court will enter a general verdict according to such intention. 2 Burr. 698; *Commonwealth* v. *Guild*, Thatcher's Cr. Cases, 343 ; *Commonwealth* v. *Canfield*, Ib. 541 ; *Commonwealth* v. *Call*, 21 Pick. 509.

2d. In this case the jury found all the facts necessary to

State *v.* Wright.

support the indictment, and the special verdict amounts to a general verdict of "guilty." Rev. Stats. ch. 73, §§ 1, 3.

AMES, C. J.    The third section of chapter 73 of the Revised Statutes, a chapter defining, and regulating the trial of, the species of nuisance here indicted, provides, that "it shall not be necessary to prove an actual sale of intoxicating liquors in any building, place, or tenement, in order to establish the character of such premises as a common nuisance, but the notorious character of any such premises, or the notoriously bad or intemperate character of persons visiting the same, *or the keeping of the implements or appurtenances usually appertaining to grogshops, tippling-shops, or places where intoxicating liquors are sold,* shall be *primâ facie* evidence that such premises are nuisances within the meaning of the first section of this chapter." In other words, this section, amongst other things, declares, that proof of "the keeping" of the implements or appurtenances of a place where intoxicating liquors are sold, as distinguished from proof of the actual sale of liquor at such place, shall be sufficient evidence, if unexplained, that the place is used for the illegal purpose, which renders it, under the statute, a common nuisance.    Notwithstanding this section, the keeping of such implements and appurtenances is still but evidence, to be considered by the jury as possessing a certain force which the statute impresses upon it, and from which, in the absence of countervailing evidence, they are to infer, as an inference of fact, that the premises are applied by the defendant to the illegal use prohibited and punished by the statute.    It does not change the forum in which the evidence is to be considered and the proper deductions to be drawn from it, but is intended to guide the jury in the performance of their duty,—not to enable the court, in any degree, to interfere with or take part in it.

Looking at the statute in this way, it is quite obvious, that the judge who tried this cause below exceeded his power in ordering a general verdict of guilty to be entered against the defendant, when, after permitting the jury to be polled, according to our practice, three of them answered in the mode in which it is agreed that they did.    After being thrice instructed in the law applicable to the case, and sent out that they might

agree in a general verdict of guilty or not guilty, three of them, upon being polled, refused to concur with their fellows in a general verdict of guilty, but would answer no further than "guilty of keeping a bar there." In other words, they find, at best, but a fact from which the illegal use of the premises may be inferred by them, and stop there, quite short of the inference necessary to be drawn by them from it in order to the finding of a verdict of guilty. Now nothing is better settled, in relation to the distinctive duties of a court and jury upon a jury trial, than that the court cannot supply a substantial defect in the statement made, or verdict rendered by a jury, by any intendment or implication whatsover; and, certainly, it is not in a criminal case, that this rule, conservative of the right of trial by jury, should be in the least degree encroached upon.

It is true that the court will put in form, in order to its being entered of record, the substantial meaning of the jury in their oral verdict; and it has been suggested by the attorney-general, in behalf of the state, that this is all that was done by the court in this case ; the ordinary import of the phrase, "keeping a bar," implying the sale of intoxicating liquors. The circumstances under which this verdict was found, repudiate, in our judgment, this interpretation. The first verdict of the jury, in which all united, was, "guilty of keeping a bar there ;" and this, as understood by the judge who tried the cause, was so far from signifying their concurrence in a verdict of guilty, that he sent them out with further instructions, in order that they might agree in some proper, that is, in some conclusive, verdict. They return, informing him that they cannot agree in such a verdict; when, upon being again sent out with further instructions, they again return, three of them, upon being asked, still persisting that they will not agree in a verdict of guilty. It may well be asked, if they did intend such a verdict, why did they not answer "guilty," when called, as their fellows did. It is quite evident that in using the phrase "keeping a bar there," they used it, not in its ordinary full sense, but as the statute, about which they had been so often instructed by the court, uses the word "keeping," that is, in the sense of *having a bar*, as an appurtenance of the trade of liquor selling; there

being no proof that it was actually used by the defendant during the period of time laid in the indictment, for the purposes of that trade.

For the reason that the verdict, in this case, ordered to be entered by the court óf record, was not in truth the verdict of the jury who tried it, the same must be set aside, and a new trial granted to the defendant, to be had in the court of common pleas for the county of Providence.